Sharon Dye, *Sui Juris*
c/o 3611 Mount Holly Huntersville Road, Suite 204-388
Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))
Ph.: 980-428-9431



# UNITED STATES BANKRUPTCY COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Sharon Dye<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. Bank National Association; Wells Fargo Bank, N.A.; and Does 1 – 10 inclusively,<br><br>　　　　Defendants. | CASE NO: **14-31976**<br><br>ADV. CASE: 3:15cv82 -(GCm)<br><br>**ADVERSARY COMPLAINT**<br><br>**Trial by Jury DEMANDED**<br><br>**(1) FRAUD UPON THE COURT**<br><br>[Filed concurrently; NOTICE AND DEMAND FOR TRIAL BY JURY] |

## <u>COMPLAINT</u>

1. Plaintiff, Sharon Dye, files this Complaint against defendants, U.S. Bank National Association ("USBNA"); Wells Fargo Bank, N.A. ("Wells"); and Does 1 – 10 inclusively, alleges, on information and belief as to all the facts other than as to Plaintiff, as follows:

//

Sharon Dye, *Sui Juris*
c/o 3611 Mount Holly Huntersville Road, Suite 204-388
Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))
Ph.: 980-428-9431

# UNITED STATES BANKRUPTCY COURT FOR THE

# WESTERN DISTRICT OF NORTH CAROLINA

# CHARLOTTE DIVISION

| | |
|---|---|
| Sharon Dye<br><br>        Plaintiff,<br>   v.<br><br>U.S. Bank National Association; Wells Fargo Bank, N.A.; and Does 1 – 10 inclusively,<br><br>        Defendants. | CASE NO: **14-31976**<br><br>ADV. CASE: _____<br><br>**ADVERSARY COMPLAINT**<br><br>**Trial by Jury DEMANDED**<br><br>   **(1) FRAUD UPON THE COURT**<br><br>[Filed concurrently; NOTICE AND DEMAND FOR TRIAL BY JURY] |

## **COMPLAINT**

1. Plaintiff, Sharon Dye, files this Complaint against defendants, U.S. Bank National Association ("USBNA"); Wells Fargo Bank, N.A. ("Wells"); and Does 1 – 10 inclusively, alleges, on information and belief as to all the facts other than as to Plaintiff, as follows:

//

## JURISDICTION AND VENUE

2.This is an adversary proceeding pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure.

3.This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

4.This adversary proceeding constitutes a NON-CORE proceeding pursuant to 28 U.S.C. §§ 157(c), 157(d), and 157(e).

5.Plaintiff, Sharon Dye, does not consent to the Bankruptcy Court exercise of jurisdiction to hear this matter.

6.This District is the proper venue for this proceeding pursuant to 28 U.S.C. § 1409.

## NATURE OF THE ACTION

7.This Complaint arises from actions and/or inactions, taken by the defendants USBNA, Wells, and/or its agent(s) acting on behalf of USBNA and/or Wells, either individually and/or collectively, resulting in several acts of fraud upon the Bankruptcy Court case number 12-31817.

8.USBNA, through its agent Wells, submitted a "PROOF OF CLAIM" alleging USBNA is "the person or entity to whom the debtor owes money or property" as Trustee for "GSMPS Mortgage Loan Trust 2006-RP2."

9.Having performed a diligent search the Securities and Exchange Commission is unable to locate the registration of the alleged "GSMPS Mortgage Loan Trust 2006-RP2." (See Exhibit A)

## PARTIES

10.     The Plaintiff, Sharon Dye, is unaware of all the true names and lawful capacities of the all the Defendant(s) sued and/or agents for the Defendant(s) sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that additional defendants may be responsible in some manner for the acts alleged

herein and/or discovered at some future date and/or purports to hold or claims to hold a legal or equitable right, title, estate, lien or other interest in the Property, which is subsequent to and subject to the Plaintiff's. Plaintiff therefore sues said defendants by such fictitious names and will seek leave of the Court to amend this Complaint to their true names, capacities and add any additional causes of actions that be ascertained.

11.     U.S. Bank National Association is and at all times herein mentioned a Nation Association, with its principal place of business at 425 Walnut Street, Cincinnati, Ohio 45202.

12.     Wells Fargo Bank, N.A. is and at all times herein mentioned a National Association, with its principal place of business at 420 Montgomery Street, San Francisco, California 94104.

13.     Sharon Dye mailing location is c/o 3611 Mount Holly Huntersville Road, Suite 204-388, Charlotte, North Carolina (Zip code exempt reference Delivery Mail Manual Section 602 1.3(e)(2)).

## BACKGROUND
### SECURITIZATION PROCESS SUMMARIZED

14.     Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 13 as though fully set forth herein.

15.     The crux of this case is about the validity of the transfers of the promissory note[1] in the Wall Street financing process known as "securitization" and the resulting issues regarding the ability of the securitization trust, more specifically USBNA to claim creditor standing before the Bankruptcy Court case number12-31817. Ultimately, much of the outcome of this case hinges upon the

---

[1] *Dkt.* 25-2, *pp.* 2 through 7.

Court's ruling regarding the validity or not of the Trust's assertions that it is lawfully the owner of the Dye NOTE.

16.     Securitization is the practice of pooling and selling contractual debt obligations ("receivables") such as residential mortgages, commercial mortgages, auto loans or credit card debt, to a specially-created entity, typically a trust. The trust pays for the receivables by issuing debt securities (variously referred to as bonds, pass-through securities, or Collateralized mortgage obligation (CMOs)) to investors. The trust collects payments of principal and interest on the receivables, which it then uses to make regular payments to investors on their debt securities.

17.     There are numerous reasons why financial institutions engage in securitization, including the management of credit and interest rate risk, relief from regulatory capital requirements, and liquidity enhancement. Securitization began to be used as a financing technique with mortgages in 1971. "For decades before that, banks were essentially portfolio lenders; they held loans until they matured or were paid off. These loans were funded principally by deposits, and sometimes by debt, which was a direct obligation of the bank (rather than a claim on specific assets). But after World War II, depository institutions simply could not keep pace with the rising demand for housing credit. Banks, as well as other financial intermediaries sensing a market opportunity, sought ways of increasing the sources of mortgage funding. To attract investors, investment bankers eventually developed an investment vehicle that isolated defined mortgage pools, segmented the credit risk, and structured the cash flows from the underlying loans."[2]

18.     Banks use a variety of structures for securitization trusts depending on the type of asset being securitized, but **all securitization structures are based on two overriding concerns**. First, is ensuring favorable tax treatment of the bank,

---

[2] SYLVAIN RAYNES & ANN RUTLEDGE, THE ANALYSIS OF STRUCTURED SECURITIES 103 (Oxford Univ. Press, 2003).

the securitization trust, and the investors, ideally through the securitization trust having "pass-thru" tax status, meaning that the securitization trust is not taxed on its own income when it is paid on the receivables.[3] Second, and perhaps more critical, is ensuring that the trust's assets are "bankruptcy remote," meaning that they are insulated from the claims of the bank's creditors. This involves ensuring that the transfer of the receivables to the trust is a **"true sale"** and not a financing transaction.

19.     Bankruptcy remoteness is critical for making the economics of securitization work. By insulating the receivables placed in the trust from the claims of the bank's creditors, securitization enables investors to invest based solely on the quality of the receivables and not have to worry about the bank's other business activities. To accomplish this, the bank **conveys receivables to a trust** for the benefit of certificate holders.

20.     Applying these industry standards to the transaction at issue, Dye points out that the Defendant is a securitization trust identified as "GSMPS Mortgage Loan Trust 2006-RP2" (hereinafter the "TRUST").

21.     The TRUST was formed on or about August 31, 2006 by the execution of the TRUST agreement(s), which is commonly known in the industry as a Pooling and Servicing Agreement (hereinafter "PSA").

22.     The TRUST is a Common Law Trust created pursuant to the laws of the State of New York, and its existence and actions are governed and controlled by New York Estate Property Trust Law ("N.Y. Trust Law").

23.     N.Y. Trust Law is ancient and well-settled with respect to the determination of whether an asset is or is not trust property.

---

[3] See id.

24.     Under N.Y. Trust law, the analysis of whether an asset is trust property is determined under the law of gifts.[4] In order to have a valid *inter vivos* gift, there must be a delivery of the gift (either by a physical delivery of the subject of the gift) or a constructive or symbolic delivery (such as by an instrument of gift) sufficient to **divest the donor of dominion** and **control over the property**[5] and "what is sufficient to constitute delivery 'must be tailored to suit the circumstances of the case.'"[6] The delivery rule requires that "'[the] delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit.'"[7]

25.     N.Y. Trust Law is also settled that (1) "Until the delivery to the trustee is performed by the settlor, or until the securities are definitely ascertained by the declaration of the settlor, when he himself is the trustee, no rights of the beneficiary in a trust created without consideration arise".[8] (2) The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there **must be a change of dominion and ownership**; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.[9]

---

[4] See, e.g., *In re Becker*, 2004 N.Y. Slip Op. 51773U, 4 (N.Y. Sur. Ct. 2004) ("In the case of a trust where there is a trustee other than the grantor, transfer will be governed by the existing rules as to intent and delivery (the elements of a gift).").

[5] (see, *Matter of Szabo*, 10 N.Y.2d 94, 98-99 (1961); *Speelman v. Pascal*, 10 N.Y.2d 313, 318-320 (1961); *Beaver v Beaver*, 117 NY 421, 428-429 (Jan. 1893); *Matter of Cohn*, 187 App. Div. 392, 395) as cited in *Gruen v. Gruen*, 68 N.Y.2d 48, 56 (N.Y. 1986).

[6] (Matter of Szabo, supra, at p. 98).

[7] (id.; *Vincent v. Rix*, 248 N.Y. 76, 83 (1928); *Matter of Van Alstyne*, 207 N.Y. 298, 100 N.E. 802 (1913); see, *Beaver v. Beaver*, supra, at p 428) as cited in *Gruen v. Gruen*, 68 N.Y.2d 48, 56-57 (N.Y. 1986).

[8] (cf. *Riegel v. Central Hanover Bank & Trust Co.*, 266 App. Div. 586; *Matter of Gurlitz [Lynde]*, 105 Misc. 30, aff'd 190 App. Div. 907, supra; *Marx v. Marx*, 5 Misc. 2d 42) as cited in *Sussman v. Sussman*, 61A.D.2d 838 (N.Y. App. Div. 2d Dep't 1978).

[9] *Vincent v. Putnam*, 248 N.Y. 76, 82-84 (N.Y. 1928).

26.     Lastly, "under New York Estate Property Trust Law there are four essential elements of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or **of a legal assignment thereof to the trustee**, with the intention of passing legal title thereto to him as trustee."[10] (Emphasis added) There is **no trust under the common law until there is a valid delivery** of the asset in question to the trust.[11] Furthermore, when the trust fails to acquire the property, then *there is no trust over that property that may be enforced.*[12] (Emphasis added)

### CHAIN OF ENDORSEMENTS REQUIRED

27.     When N.Y. Trust law is applied to Common Law Trust and the facts of this case establish there was never a valid delivery of "NOTE" to the Trust, so the Trust may not claim creditor status.

28.     Promissory notes transferred to the Trust are required to have a complete chain of endorsements from the original payee thereof to either "Blank" or to the Trustee for the specific Trust. This means that each promissory note must have the following complete chain of endorsements in order to comply with the Trust's documents and thus fit within the authorization of the Trust's activities:

29.     From UNITED BANK, the originator, and/or Washington Mutual Bank, FA as successor interest to

---

[10] *Brown v. Spohr*, 180 N.Y. 201, 209-210 (N.Y. 1904).

[11] Until the delivery to the trustee is performed by the settlor, or until the securities are definitelyascertained by the declaration of the settlor, when he himself is the trustee, no rights of the beneficiary in atrust created without consideration arise (cf. *Riegel v. Central Hanover Bank & Trust Co.*, 266 App. Div.586; *Matter of Gurlitz [Lynde]*, 105 Misc 30, affd 190 App Div 907, supra; *Marx v Marx*, 5 Misc 2d 42) as cited in *Sussman v. Sussman*, 61 A.D.2d 838 (N.Y. App. Div. 2d Dep't 1978).

[12] In an action against the individual defendant as trustee, based on the theory of breach of fiduciary obligation, the complaint was properly dismissed on the ground that he had acquired no title or separate control of the goods and, hence, there was no actual trust over the property to breach. *Kermani v. LibertyMut. Ins. Co.*, 4 A.D.2d 603 (N.Y. App. Div. 3d Dep't 1957).

30.    ↓

31.    The Depositor for the TRUST; who indorses the NOTE either in blank or specifically to

32.    ↓

33.    U.S. Bank National Association, as Trustee for the holders "GSMPS MORTGAGE LOAN TRUST 2006-RP2" (hereinafter "TRUST").

34.    A Mortgage Backed Trust typically requires this complete chain of indorsements to perfect the "Gift" under N.Y. Trust law.

35.    During the Bankruptcy case number 12-31817, Wells acting as agent for USBNA filed a "PROOF OF CLAIM" attaching a copy of the "NOTE" that evidenced a single blank indorsement purportedly executed by Bank United.

36.    There was no evidence attached to the "PROOF OF CLAIM" that the Dye NOTE was actually transferred into the TRUST, and there is no evidence of an effective conveyance of the Dye NOTE to the Defendant Trust, which has claimed ownership by way of a "PROOF OF CLAIM."

37.    In the case before the Court there is no good faith basis for the defendant Trust to assert or otherwise claim that the Dye NOTE is Trust property.

38.    The "GSMPS Mortgage Loan Trust 2006-RP2" was allegedly created for the purpose of securitizing mortgage loans.

39.    Allegedly Goldman Sachs established (created) the TRUST named "GSMPS Mortgage Loan Trust 2006-RP2".

40.    The purpose of a "Depositor," often referred to as a single asset entity, for a Trust is to act as a conduit for the TRUST, purchasing, receiving, and conveying (indorsing the NOTE and assigning the Deed of Trust) into the TRUST the mortgage loans either purchased or originated by a lending institution such as Bank United.

41.     Bank of America, N.A., CitiMortgage Inc., GMAC Mortgage Corporation, JPMorgan Chase Bank, N.A., M & T MORTGAGE CORP., Matrix Capital Bank, Washington Mutual Bank, Wells Fargo Bank, N.A. are all identified by Goldman Sachs as "Primary Servicer" for the alleged TRUST.

42.     U.S. Bank National Association is identified and bears the title "Trustee" for the alleged TRUST.

43.     Standard Trust practice is for the Depositor for a TRUST to purchase mortgage loans principally using funds acquired from the sale of the TRUST Certificates.

44.     Standard Trust practice is for the originator to indorse the NOTE upon sale to the Depositor (single asset entity), subsequently the Depositor is required to indorse the Note(s) it purchases and execute an assignment of the interest in the Note(s) along with the relevant Deed of Trust or Mortgage documents (hereinafter "Security Instruments").

45.     The TRUST is governed by the trust laws of the State of New York, the Securities and Exchange Commission Regulations, and Title 26 of the Internal Revenue Code for a "Real Estate Mortgage Investment Conduit" ("REMIC").

46.     Mortgage loans that are sold into a REMIC are held in trust for the benefit of the certificate holders, therefore they may not pass freely in and out of the trust.

47.     It is the general practice for a "Custodian" for the Trust to be responsible for maintaining and preserving all the original mortgage loan documents held for the benefit of the TRUST certificate holders.

48.     Dye requests the Court direct liability in her favor on her claims against the TRUST and the parties acting on the TRUST's behalf with respect to her claims and that the Court seat a jury for the sole purpose of determining what damages should be awarded against these parties for their wrongful conduct.

Case 3:15-cv-00082-RJC   Document 1   Filed 02/20/15   Page 10 of 21

## STATEMENT OF FACTS

49.    Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 48 as though fully set forth herein.

50.    On December 22, 2000 ATTORNEY JOHN C MACNEIL, "DBA" MACNEIL, BERRY & CARLINO, PLLC N/K/A MACNEIL & CARLINO, PLLC received funds thru a FED WIRE TRANSFER which was credited to the firm's account on December 22, 2000 in the amount of $136,037.02 on behalf of Darrell Dye and Sharon Victoria Dye (collectively the "Dyes"). BANK UNITED was listed as an Intermediary.

51.    On December 23, 2000 the Dyes appeared at the office of MACNEIL & CARLINO, PLLC to close on their real estate property purchase.

52.    On December 24, 2000 the Dyes moved into the real estate property commonly identified as 8020 Lauren Kay Court, North Carolina.

53.    On December 27, 2000 the following was recorded; a) WARRANTY DEED - GRANTOR: NORTH CAROLINA PARTNERS INC. TO GRANTEE(s) DARRELL DYE AND wife, SHARON V DYE Reference Instrument Number 2000187158 Book 11814 Pages 340-343. (As written); and b) DEED OF TRUST RECORDED as a MORTGAGE without the NOTE. Reference Instrument Number 2000187159 Book 11814 Pages 343-351. Under the names DARRELL DYE and SHARON DYE.

54.    In February of 2001-June 2001, payments were made to BANK UNITED.

55.    On March 18, 2001 BANK UNITED merged with and into Washington Mutual Bank, F.A.

56.    On March 10, 2007, "FOR GOOD AND VALUABLE CONSIDERATION," Washington Mutual Bank, F.A. assigned all rights title and

interest in the Dye NOTE and Deed of Trust to Wells Fargo Bank, N.A. (Mecklenburg County Register of Deeds instrument number 2007053948).

57.     On August 7, 2012, one week after the Dyes filed for Chapter 13 debt restructuring (Bankruptcy Court case number 12-31817), Wells Fargo Bank, N.A. executed an Assignment of the Dye Deed of Trust recording same in the Mecklenburg Register of Deeds instrument number 2012110931.

58.     Wells Fargo Bank, N.A. failed to make an appearance at the Bankruptcy Confirmation hearing held on August 12, 2012.

59.     October 9, 2012 the Bankruptcy Court Confirmed the Plan and ordered monthly payments in the amount of $1,935.00, the mortgage payment was included in the confirmed payment plan.

60.     November 30, 2012 Wells electronically filed a "PROOF OF CLAIM" attaching a copy of the NOTE evidencing one sole indorsement by Bank United. (See Bankruptcy Court case number 12-31817 Claim Dkt. #21-1 Part 2 pp. 7-9)

61.     As of December 31, 2012 Wells Fargo Bank, N.A. (Wells is one of the servicers for the TRUST) was paid $4,688.00 by way of the Bankruptcy trustee Warren L. Tadlock.

62.     February 28, 2013 Wells Fargo Bank, N.A. was paid an additional $2,539.09 by Bankruptcy trustee Warren L Tadlock, as of this date payments to Wells totaled $7,227.09.

63.     March 10, 2013 the Bankruptcy Court case number 12-31817 granted the "PROOF OF CLAIM" submitted by Wells on behalf of U.S. Bank National Association, as Trustee for the holders "GSMPS MORTGAGE LOAN TRUST 2006-RP2".

64.     As of May 31, 2013 an additional payment of $1,214.44 was paid to Wells by and through the Bankruptcy Trustee Warren L. Tadlock. As of this date

the total of all mortgage payments since initiation of the Dye Chapter 13 Bankruptcy was $8,441.53.

65.     July 16, 2013 the Dyes made their last payment of $1,200.00 to the Bankruptcy Trustee Warren L. Tadlock for distribution to Wells. Payments to Wells now totaled $9,641.53.

66.     On or about June or July 2013 the Dyes were summoned to appear in Bankruptcy Court for nonpayment. Bankruptcy Trustee and Judge Byer Ordered for us to pay $2,100.00 instead the regular amount of $1,935.00. Unable to afford such a lump sum payment we stopped making payments to bankruptcy court.

67.     December 29, 2013 Judge Byer Ordered to dismiss the Bankruptcy case 12-31817 for nonpayment.

## FIRST CAUSE OF ACTION

## I.     FRAUD UPON THE COURT.

68.     Plaintiff repeats, re-alleges and incorporates each and every allegation contained in paragraphs 1 through 67 as though fully set forth herein.

### a.  **Elements of Fraud.**

69.     The Supreme Court for the United States of America defined "fraud upon the court" as follows: "an attorney may commit fraud on the court, not only through misrepresentation, but also **through omission**." See *Hazel-Atlas Glass Co. v. Hartford-Empire Co*., 322 U.S. 238 (1944) cited in *Baron's Stores, Inc. v. Ronald C. Kopplow, Kooplow & Flynn, P.A., Marc Cooper, Esq. Cooper & Wolfe, P.A., Sonya Salkin, Esq. and Malnik & Salkin P.A*., Case No.: 08-11286 (Jan. 15, 2009) UNPUBLISHED. (Emphasis added)

70.     "Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of

which the injured party could not have availed himself in a court of law; or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery." *Marine Ins. Co. v. Hodgson*, 7 Cranch, 332, 336, 3 L. ed. 362, 363.

71. "A final and conclusive judgment that is void, however, may be attacked in any court, at any time, directly or collaterally. … A void decree is one that has been obtained by extrinsic or collateral fraud or was entered by a court that did not have jurisdiction over the subject matter or the parties." *Rook v. Rook*, 353 S.E.2d 756 (Mar. 6, 1987)

72. Extrinsic fraud consists of "conduct which prevents a fair submission of the controversy to the court." *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983)

73. The fraud must be "extrinsic or collateral to the questions examined and determined in the action." *McClung*, 126 Va. at 269, 101 S.E. at 348(quoting *United States v. Throckmorton*, 98 U.S. 61, 66 (1878))

74. Extrinsic fraud includes such circumstances as bribery of a judge or juror, *In re Miller*, 902 P.2d at 1022; fabrication of evidence by an attorney, *id.*; preventing another party's witness from appearing, *Powell v. Commonwealth*, 133 Va. 741, 754, 112 S.E. 657, 661 (1922); intentionally failing to join a necessary party, *Gulfstream Bldg. Associates, Inc. v. Britt*, 239 Va. 178, 184, 387 S.E.2d 488, 492 (1990); or misleading another party into thinking a continuance had been granted, *National Airlines, Inc. v. Shea*, 223 Va. 578, 583, 292 S.E.2d 308, 311 (1982).

    b. **Wells Fargo Bank, N.A. with purpose and intent committed Fraud upon the Bankruptcy Court.**

75.     Wells Fargo Bank, N.A. did with intent file a fraudulent PROOF OF CLAIM alleging U.S. Bank National Association as Trustee for the "GSMPS MORTGAGE LOAN TRUST 2006-RP2" is "the person or entity to whom the debtor owes money or property".

76.     The sole indorsement on the NOTE Wells attached to the PROOF OF CLAIM is absent the allonge executed by Washington Mutual Bank, F.A. Wells submitted to the Mecklenburg County Court while seeking an Order of the Court to proceed with a foreclosure sale. (See Case no. 12-31817 Claim 21-1 Part 2 pp. 7-9)

77.     Wells delayed the filing of a PROOF OF CLAIM in an effort to develop evidence by way of execution of an Assignment of the Deed of Trust to U.S. Bank National Association as Trustee for the "GSMPS MORTGAGE LOAN TRUST 2006-RP2" and having same recorded in the Mecklenburg County Register of Deeds.

78.     Dye alleges Wells purposely filed the NOTE, absent the WaMu allonge, with the sole indorsement from United Bank to give the Court the impression the NOTE was transferred directly from United Bank into the "GSMPS MORTGAGE LOAN TRUST 2006-RP2" thereby perfecting the gift pursuant to N.Y. Trust law.

79.     Dye alleges the transfer of the NOTE was not perfected pursuant to N.Y. Trust law, lawfully transferred into the TRUST, therefore the TRUST is absent any rights title or ownership in the NOTE.

80.     Therefore, Dye requests the Court vacate the Bankruptcy Court Order case number 12-31817 granting U.S. Bank National Association as Trustee for the "GSMPS MORTGAGE LOAN TRUST 2006-RP2" PROOF OF CLAIM for fraud upon the court.

DATE:       February 20, 2015

                                        Respectfully submitted,

                        _Sharon victoria dye  UCC1-30⁶_

            Sharon Dye, *Sui Juris*
            c/o 3611 Mount Holly Huntersville Road, Suite 204-388
            Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))
//          Ph.: 980-428-9431

# EXHIBIT A

Page 1 of 2

# UNITED STATES OF AMERICA
SECURITIES AND EXCHANGE COMMISSION

# ATTESTATION

I HEREBY ATTEST

*that:*

*A diligent search has this day been made of the records and files of this Commission and the records and files do not disclose that any filings have been received in this Commission, under the name of GSMPS MORTGAGE LOAN TRUST 2006-RP2, pursuant to the provisions of any of the Acts administered by the Commission.*

on file in this Commission

| 01/21/2015 |
|:----------:|
| *Date* |

Joseph Horneman, Management and Program Analyst

It is hereby certified that the Secretary of the U.S. Securities and Exchange Commission, Washington, DC, which Commission was created by the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is official custodian of the records and files of said Commission and was such official custodian at the time of executing the above attestation, and that he/she, and persons holding the positions of Deputy Secretary, Assistant Director, Records Officer, Branch Chief of Records Management, and the Program Analyst for the Records Officer, or anyone of them, are authorized to execute the above attestation.

For the Commission

Secretary

SEC 334 (9-12)

1  Sharon Dye, *Sui Juris*
2  c/o 3611 Mount Holly Huntersville Road, Suite 204-388
   Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))
3  Ph.: 980-428-9431

4

5              **UNITED STATES BANKRUPTCY COURT**

6           **FOR THE WESTERN DISTRICT OF NORTH**

7                  **CAROLINA CHARLOTTE DIVISION**

8

9  Sharon Dye                              CASE NO: **14-31976**

10             Plaintiff,                  ADV. CASE: **3:15CV82**

11        v.

12  U.S. Bank National Association; Wells   **NOTICE AND DEMAND FOR**
    Fargo Bank, N.A.; and Does 1 – 10       **TRAIL BY JURY**
13  inclusively,

14

15             Defendants.                  [Filed concurrently; COMPLAINT ADVERSARY]

16

17

18

19

20

21

22          <u>**NOTICE AND DEMAND FOR TRIAL BY JURY**</u>

23       TO THE HONORABLE JUDGE ~~LAURA T. BEYER~~; CLERK OF
                          Graham C Mullen, Senior Judge
24  THE COURT, AND ALL PARTY DEFENDANTS AND THEIR ATTORNEY(S)

25  OF RECORD:

26          PLEASE TAKE NOTICE that Plaintiff, Sharon Dye, hereby demands

27  Trial by Jury IN THIS ACTION.

Date: February 24, 2015

Respectfully submitted,

*Sharon dye  ucc1-308*

Sharon Dye, *Sui Juris*
c/o 3611 Mount Holly Huntersville Road, Suite 204-388
Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))
Ph.: 980-428-9431

1

2

3

4

5

6 //

7 //

8 //

9 //

10 //

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

15/02/23 [Trial by Jury Demanded (Bkrptcy Case No.: 14-31976]— Page 2 of 2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

3:15cv82

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sharon Dye

**DEFENDANTS**
U.S. Bank National Association; Wells Fargo Bank, N.A.; and Does 1 – 10 inclusively

(b) County of Residence of First Listed Plaintiff    Mecklenburg
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Hamilton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Sharon Dye, Sui Juris
c/o 3611 Mount Holly Huntersville Road, Suite 204-388
Charlotte, North Carolina (Zip code DMM Sec. 602 1.3(e)(2))

Attorneys *(If Known)*


FILED
CHARLOTTE, NC
FEB 20 2015
US DIST...

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding
☐ 2   Removed from State Court
☐ 3   Remanded from Appellate Court
☐ 4   Reinstated or Reopened
☐ 5   Transferred from Another District *(specify)*
☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1334; 28 U.S.C. §§ 157(c), 157(d), and 157(e)
Brief description of cause:
Fraud upon the Bankruptcy Court

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Byer
DOCKET NUMBER   12-31817

DATE
02/20/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE