UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-82-RJC

| | |
|---|---|
| SHARON DYE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>U.S. BANK NATIONAL )<br>ASSOCIATION and WELLS )<br>FARGO, N.A., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** comes before the Court on Defendants U.S. Bank National Association and Wells Fargo, N.A.'s (collectively, "Defendants") Motion to Stay Discovery, (Doc. No. 22), filed on July 6, 2015, and Defendants' Third Motion for Extension of Time to Respond, (Doc. No. 29), filed on September 8, 2015. Plaintiff Sharon Dye ("Plaintiff") has not filed a response to Defendants' Motion to Stay Discovery and the time for doing so has expired. This matter is ripe for review.

### I.  BACKGROUND

Plaintiff filed her Complaint on February 20, 2015. (Doc. No. 1). On April 1, 2015, Defendants filed their Motion to Dismiss and supporting Memorandum. (Doc. Nos. 10, 11). Plaintiff filed her Response in Opposition to Defendants' Motion to Dismiss, (Doc. No. 12), and her Memorandum in Support of her Response, (Doc. No. 14), on April 20 and 23, 2015, respectively. On April 29, 2015, Defendants filed their Reply to Plaintiff's Response. (Doc. No. 15). Defendants' Motion to Dismiss, (Doc. No. 10), is ripe for review. As of the date of this

Order, the Court has not ruled on Defendants' Motion to Dismiss.

Subsequently, Plaintiff served upon Defendants her discovery requests, including Requests for Interrogatories and Requests for Admission. On July 6, 2015, Defendants filed the instant Motion to Stay Discovery, (Doc. No. 22), pending the Court's ruling on their Motion to Dismiss. Defendants have also requested and received two extensions of time to respond to Plaintiff's discovery. See (Doc. Nos. 18, 27).

## II. DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the court to issue orders establishing an array of limitations on discovery. The scope and conduct of discovery are in the sound discretion of the district court. Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir.1988). An order under Rule 26(c) to stay discovery pending determination of a motion to dismiss is an appropriate exercise of a court's discretion. See Thigpen v. United States, 800 F.2d 393, 396–97 (4th Cir.1986) (citations omitted) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion . . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."), overruled on other grounds by, Sheridan v. United States, 487 U.S. 392 (1988).

Although motions to stay discovery are generally not favored because delaying or prolonging discovery can create case management problems and cause unnecessary litigation expenses and problems, such a request may be more appropriate where the resolution of a motion to dismiss could dispose of the entire case. See Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). Discovery is not necessary in this case in order to resolve Defendants' Motion to Dismiss, and the pending Motion to Dismiss, if granted, would dispose of

2

the entire case. Therefore, the Court finds good cause to stay all further discovery until the Court rules on Defendants' Motion to Dismiss.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion to Stay Discovery, (Doc. No. 22), is **GRANTED**;

2. Defendants' Third Motion for Extension of Time to Respond, (Doc. No. 29), is **DISMISSED as moot**; and

3. Discovery in this matter is stayed until the Court enters an order resolving Defendants' Motion to Dismiss and enters an order reopening discovery.

SO ORDERED.

Signed: September 11, 2015

Robert J. Conrad, Jr.
United States District Judge