UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-82-RJC

| | |
|---|---|
| SHARON DYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| U.S. BANK NATIONAL ) | |
| ASSOCIATION and WELLS ) | |
| FARGO, N.A., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendants U.S. Bank National Association ("USBNA") and Wells Fargo, N.A.'s ("Wells Fargo") (collectively, "Defendants") Motion to Dismiss, supporting memoranda, and exhibits, (Doc. Nos. 10 to 10-10, 15); Plaintiff Sharon Dye's ("Plaintiff") responses in opposition to Defendants' Motion to Dismiss, (Doc. Nos. 12, 14); Defendants' Motion to Strike Plaintiff's Proclamation, (Doc. No. 19); and Plaintiff's Motion to Strike Defendants' Motion to Strike Proclamation, (Doc. No. 25). These motions have been fully briefed and the matters are ripe for adjudication.

I. BACKGROUND

Plaintiff and her husband, Darrell Dye, executed a Note in the amount of $136,008.00 made payable to Bank United on December 22, 2010 (the "Note"). (Doc. No. 1: Complaint ¶50; Doc. No. 10-2). Plaintiff and her husband also executed a Deed of Trust recorded in Mecklenburg County Register of Deeds Book 11814 page 343 to secure the Note (the "Deed of Trust"). (Complaint ¶53; Doc. No. 10-3). The security under the Deed of Trust was property

located at 8020 Lauren Kay Court, Charlotte, North Carolina 28216. (Complaint ¶52; Doc. No. 10-3).

Subsequent to Plaintiff's execution of the Note, Bank United merged with and into Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("Washington Mutual"). (Complaint ¶55; Doc. No. 10-6 at 2). Washington Mutual endorsed Plaintiff's Note "in blank" and transferred physical possession of the Note to Wells Fargo. (Complaint ¶56; Doc. No. 10-6 at 3). Wells Fargo then transferred physical possession of the Note to USBNA; however, Wells Fargo remained the servicing agent on the Note.[1] (Doc. No. 10-6 at 3).

On July 28, 2012, Plaintiff and her husband filed a Chapter 13 bankruptcy petition (the "2012 Bankruptcy Case") in the United States Bankruptcy Court for the Western District of North Carolina (the "Bankruptcy Court"). (Bankr. Case No. 12-31817, Doc. No. 1). On November 30, 2012, Wells Fargo filed a proof of claim in the 2012 Bankruptcy Case as servicing agent for USBNA. (Complaint ¶60; Doc. No. 10-8). Plaintiff and her husband, as the debtors in the bankruptcy proceeding, objected to Wells Fargo's proof of claim. (Bankr. Case No. 12-31817, Doc. No. 36). After holding a hearing, the Bankruptcy Court issued an order overruling the objection to Wells Fargo's proof of claim on July 19, 2013 (the "Bankruptcy Order"). (Id., Doc. No. 74). Specifically, the Bankruptcy Court concluded that Plaintiff's arguments against Wells Fargo's proof of claim were without merit, that the Note is enforceable on its own terms, and that USBNA is the holder of the Note. (Id. at 5–6). It is this Bankruptcy Order that Plaintiff seeks to challenge. (Complaint ¶80). On December 16, 2013, the Bankruptcy Court dismissed

---

[1] As the servicing agent for USBNA, Wells Fargo has standing to file a proof of claim in any bankruptcy proceeding. See In re Viencek, 273 B.R. 354, 358 (Bankr. N.D.N.Y. 2002) (holding that servicing agent was party in interest that had standing to file proof of claim and object to Chapter 13 debtor's motion to expunge claim).

Plaintiff's 2012 Bankruptcy Case because she was significantly in default of her plan payments. (Bankr. Case No. 12-31817, Doc. No. 82).

In 2014, a state court foreclosure action was commenced against Plaintiff, and on October 9, 2014, the Mecklenburg County Superior Court issued an order allowing foreclosure under the terms of the Note and Deed of Trust (the "Foreclosure Order"). (Doc. No. 10-6). In the Foreclosure Order, the Superior Court found, just as the Bankruptcy Court had, that USBNA is the holder of the Note. (Id. at 2–3).

Plaintiff then filed another Chapter 13 bankruptcy petition with the Bankruptcy Court on November 24, 2014 (the "2014 Bankruptcy Case"). (Bankr. Case No. 14-31976, Doc. No. 1). Again, Wells Fargo filed a proof of claim in the 2014 Bankruptcy Case for the benefit of USBNA. However, Plaintiff did not object to Wells Fargo's proof of claim in that Bankruptcy Case. While the 2014 Bankruptcy Case remained open and pending, Plaintiff filed a Chapter 7 bankruptcy petition in the Bankruptcy Court on June 25, 2015 (the "2015 Bankruptcy Case"). (Bankr. Case No. 15-40257, Doc. No. 1). After issuing an Order to Appear and Show Cause, (Id., Doc. No. 4), the Bankruptcy Court held a hearing regarding Plaintiff's 2014 and 2015 Bankruptcy Cases. On July 17, 2015, the Bankruptcy Court issued an order dismissing both of Plaintiff's then-pending Bankruptcy Cases and barring Plaintiff from filing any further bankruptcy petitions for one year. (Id., Doc. No. 9).

Plaintiff filed her pro se Complaint before this Court on February 20, 2015. (Doc. No. 1). On April 1, 2015, Defendants filed their Motion to Dismiss. (Doc. No. 10). Defendants filed their Motion to Strike Plaintiff's Proclamation on June 30, 2015, (Doc. No. 19), and Plaintiff filed her Motion to Strike Defendants' Motion to Strike Proclamation on July 16, 2015, (Doc. No. 25).

In the caption of her Complaint, Plaintiff asserts a claim for "Fraud Upon the Court;" however, she identifies her Complaint as an "Adversary Complaint." Plaintiff alleges that "[t]his is an adversary proceeding pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure," that "[t]his Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334," and that "[t]his adversary proceeding constitutes a NON-CORE proceeding pursuant to 28 U.S.C. §§ 157(c), 157(d), and 157(e)." (Complaint ¶¶2–4). Plaintiff then alleges the following in support of her fraud claim:

> 35. During the Bankruptcy case number 12-31817, Wells acting as agent for USBNA filed a "PROOF OF CLAIM" attaching a copy of the "NOTE" that evidenced a single blank indorsement purportedly executed by Bank United.
>
> 36. There was no evidence attached to the "PROOF OF CLAIM" that the Dye NOTE was actually transferred into the TRUST, and there is no evidence of an effective conveyance of the Dye NOTE to the Defendant Trust, which has claimed ownership by way of a "PROOF OF CLAIM."
>
> 37. In the case before the Court there is no good faith basis for the defendant Trust to assert or otherwise claim that the Dye NOTE is Trust property.
>
> . . . .
>
> 75. Wells Fargo Bank, N.A. did with intent file a fraudulent PROOF OF CLAIM alleging U.S. Bank National Association as Trustee for the "GSMPS MORTGAGE LOAN TRUST 2006 RP2" is "the person or entity to whom the debtor owes money or property".
>
> 76. The sole indorsement on the NOTE Wells attached to the PROOF OF CLAIM is absent the allonge executed by Washington Mutual Bank, F.A. Wells submitted to the Mecklenburg County Court while seeking an Order of the Court to proceed with a foreclosure sale. (See Case no. 12-31817 Claim 21-1 Part 2 pp. 7-9)
>
> 77. Wells delayed the filing of a PROOF OF CLAIM in an effort to develop evidence by way of execution of an Assignment of the Deed of Trust to U.S. Bank National Association as Trustee for the "GSMPS MORTGAGE LOAN TRUST 2006-RP2" and having same recorded in the Mecklenburg County Register of Deeds.
>
> 78. Dye alleges Wells purposely filed the NOTE, absent the WaMu allonge, with the sole indorsement from United Bank to give the Court the impression the NOTE was transferred directly from United Bank into the "GSMPS

>     MORTGAGE LOAN TRUST 2006-RP2" thereby perfecting the gift pursuant to
>     N.Y. Trust law.
>
>     79. Dye alleges the transfer of the NOTE was not perfected pursuant to N.Y.
>     Trust law, lawfully transferred into the TRUST, therefore the TRUST is absent
>     any rights title or ownership in the NOTE.

(Complaint ¶¶ 35–37, 75–79).

Finally, Plaintiff makes one request for relief: "Dye requests the Court vacate the Bankruptcy Court Order case number 12-31817 granting U.S. Bank National Association as Trustee for the 'GSMPS MORTGAGE LOAN TRUST 2006-RP2' PROOF OF CLAIM for fraud upon the court." (Id. ¶80).

## II. DISCUSSION

Plaintiff styles her Complaint as an adversary proceeding and alleges jurisdiction under Title 11. However, it seems apparent that Plaintiff's intent is to bring an action against Defendants that is separate from her Bankruptcy Cases.[2] In fact, she labels her cause of action as "Fraud Upon the Court," and her requested relief is that this Court vacate the Bankruptcy Order. Therefore, given the liberal pleading standards afforded pro se complaints, the Court interprets Plaintiff's Complaint as a separate action seeking to challenge the Bankruptcy Order from her 2012 Bankruptcy Case, which overruled Plaintiff's objection to Wells Fargo's proof of claim, by alleging Wells Fargo perpetrated a fraud on the court.

---

[2] Typically, an adversary complaint is a separate lawsuit filed in a bankruptcy court seeking to deny a debtor a bankruptcy discharge and possibly to enter a judgment against the debtor. By Order of Reference on May 17, 2011, this Court referred all pre-trial proceedings in an adversary proceeding to the Bankruptcy Court (including ruling on dispositive motions). (Case No. 3:04-mc-156, Doc. No. 2). Further, this Court entered a separate Amended Standing Order of Reference on April 14, 2014, that refers any and all cases under Title 11, or that arise under Title 11, or that arise in or are related to a case under Title 11 to the bankruptcy judges for this district. (Case No. 3:14-mc-44, Doc. No. 1). If Plaintiff's Complaint was truly an adversary proceeding, then she has not properly filed this action in the United States Bankruptcy Court for the Western District of North Carolina.

A. Subject Matter Jurisdiction

The existence of subject-matter jurisdiction is a threshold issue a court must address before considering the merits of any case. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88–89 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Where the Court has subject-matter jurisdiction, it may hear the merits of a claim; if it lacks jurisdiction, it has no authority to hear the case. Fed. R. Civ. P. 12(h)(3). "The subject-matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000). Subject-matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "No party can waive the defect, or consent to [subject-matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wis. Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). The party seeking federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

Federal district courts have no authority to hear appeals of the decisions of state courts; only the Supreme Court possesses such authority. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Additionally, federal district courts have no jurisdiction to hear "challenges to state court decisions in particular cases arising out of judicial proceedings." D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 483 n.16, 486 (1983). These rulings form the basis of the Rooker-

Feldman doctrine. Where it applies, it bars federal district courts from hearing cases.

The Rooker-Feldman doctrine applies not only to issues actually presented to and decided by a state court but also to issues that are "inextricably intertwined" with questions ruled on by a state court regardless of whether those issues or claims were raised before the state court. Id. A federal claim is inextricably intertwined with a state court decision where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997).

Although Plaintiff has not directly challenged the state court foreclosure action in this case, as Plaintiff states, "much of the outcome of this case hinges upon the Court's ruling regarding the validity or not of [USBNA's] assertions that it is lawfully the owner of the Dye NOTE." (Complaint ¶15). Consequently, the base allegation underlying Plaintiff's entire Complaint is that USBNA is not the lawful holder of the Note. However, that is precisely the issue that the state court and the Bankruptcy Court have already decided. USBNA's status as the lawful holder of the Note was judicially established on July 19, 2013, when the Bankruptcy Court issued its Order finding that as fact. USBNA was again established as the lawful holder of the Note on October 9, 2014, when the Mecklenburg County Superior Court issued its Foreclosure Order containing the same conclusion.

Therefore, while Plaintiff may not explicitly attack the state court foreclosure action, her Complaint is certainly a collateral attack against the state court judgment. Furthermore, any ruling by this Court in favor of Plaintiff would effectively overturn the state court proceeding and render the state court judgment ineffectual. Consequently, the Court finds that the issues in this case are inextricably intertwined with questions previously ruled on by the state court and

that the Rooker-Feldman doctrine bars this action.

B. Appellate Jurisdiction

The Court also finds that it lacks jurisdiction over this case to the extent Plaintiff's Complaint seeks the reversal of the Bankruptcy Order granting USBNA's proof of claim. Plaintiff's stated request for relief is that "the Court vacate the Bankruptcy Court Order case number 12-31817 granting U.S. Bank National Association as Trustee for the 'GSMPS MORTGAGE LOAN TRUST 2006-RP2' PROOF OF CLAIM for fraud upon the court." (Complaint ¶80).  Pursuant to 28 U.S.C. § 158(a), the district court has jurisdiction to hear appeals of bankruptcy court decisions.  In re Meabon, 514 B.R. 446 (W.D.N.C. 2014).  Federal Rule of Bankruptcy Procedure 8002 requires that an appeal of a bankruptcy court's order be filed with the bankruptcy clerk within fourteen days after entry of the bankruptcy court's decision.  If the party seeking review of the bankruptcy court's decision fails to file its appeal within the fourteen-day period, the district court has no jurisdiction to review or modify that order.  Smith v. Dairymen, Inc., 790 F.2d 1107, 1109 (4th Cir. 1986).

If Plaintiff wished to challenge the Bankruptcy Order in her 2012 Bankruptcy Case, or any ruling in any of her Bankruptcy Cases, her remedy was to appeal that order within the time frames prescribed by the Federal Rules of Bankruptcy Procedure.  Plaintiff did not file a Notice of Appeal regarding the subject Order or any order in her 2012 Bankruptcy Case.  She cannot now seek to challenge the Bankruptcy Order collaterally through this separate lawsuit.  Because Plaintiff did not properly appeal the Bankruptcy Order, this Court lacks jurisdiction to modify, reverse, or even review that Order, and Plaintiff's Complaint must be dismissed.

C. Pleading Fraud with Specificity

Finally, insofar as Plaintiff's Complaint can be interpreted as one seeking monetary

damages for fraud arising out of the proceedings surrounding her 2012 Bankruptcy Case, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. When considering such a motion, a court must accept the factual allegations of the claim as true and construe them in the light most favorable to the nonmoving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff, therefore, must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557). Although courts must liberally construe pro se complaints, Erickson v. Pardus, 551 U.S. 89, 94 (2007), conclusory statements with insufficient factual allegations, even when asserted by a pro se plaintiff, will simply not suffice.

Furthermore, when pleading fraud, special rules of pleading come into play. Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The specificity required in claiming fraud is an exception to the provisions of notice pleading found in Rules 8(a), (e), and (f) of the Federal Rules of Civil Procedure. The general rule that pleadings are to be given liberal construction does not apply to claims of fraud. In order to survive a motion to dismiss, therefore, a plaintiff must be particular as to the facts upon which its claim of fraud arises. "Although Rule 9(b) does not require the elucidation of every detail of the alleged fraud, it does

require more than a bare assertion that such a cause of action exists. Specifically, the particulars required to be pled include the time, place, and contents of the alleged fraudulent representation, as well as the identity of each person making the misrepresentation and what was obtained thereby." Riley v. Murdock, 828 F. Supp. 1215, 1225 (E.D.N.C. 1993) (internal citation omitted). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting Hillson Partners Ltd. P'ship v. Adage, Inc., 42 F.3d 204, 209 (4th Cir. 1994)). Additionally, "[m]ere conclusory allegations to the effect that defendant's conduct was fraudulent" are insufficient to state a claim for fraud. Segal v. Gordon, 467 F.2d 602, 607 (2d Cir. 1972) (internal quotation marks omitted). A complaint that fails to specifically allege the fraudulent circumstances, therefore, is subject to dismissal under Rule 12(b)(6). Harrison, 176 F.3d at 783 n.5.

As Plaintiff notes, the Court must take all well-pleaded facts in her Complaint as true. However, Plaintiff's Complaint contains few well-pleaded facts. The entirety of Plaintiff's allegations that could be interpreted as supporting her fraud claim are contained in paragraphs 35 through 37 and 75 through 79. In those paragraphs, Plaintiff alleges only that Wells Fargo "did with intent file a fraudulent proof of claim" and that Wells Fargo "purposely filed the NOTE . . . to give the Court the impression the NOTE" was properly transferred. (Complaint ¶¶75, 78). These allegations are, at best, conclusory, and they do not assert the necessary facts with particularity as required by Rule 9(b). The Court finds that Plaintiff's Complaint fails to meet the pleading requirements for a claim of fraud. Therefore, her Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants U.S. Bank National Association and Wells Fargo, N.A.'s Motion to Dismiss, (Doc. No. 10); is **GRANTED**;

2. Plaintiff Sharon Dye's Complaint, (Doc. No. 1), is **DISMISSED with prejudice**;

3. Wells Fargo's Motion to Strike Plaintiff's Proclamation, (Doc. No. 19), is **DISMISSED as moot**;

4. Plaintiff's Motion to Strike Defendants' Motion to Strike Proclamation, (Doc. No. 25), is **DISMISSED as moot**; and

5. The Clerk of Court is directed to close this case.

Signed: February 3, 2016

Robert J. Conrad, Jr.
United States District Judge